# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 4, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GENERAL PIPELINE CONSTRUCTION, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-0953** (BOR Appeal No. 2050473)
                        (Claim No. 2015008594)

**CHARLES A. DINGESS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner General Pipeline Construction, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 4, 2015, in which the Board affirmed a May 11, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 17, 2014, decision to reject the claim and held the claim compensable for hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dingess, a heavy machine operator, submitted a claim for benefits on June 13, 2014, based upon his alleged occupational hearing loss. His application indicated that he worked for General Pipeline Construction, Inc., and several other employers throughout the years and was exposed to excessive noise around ten to fourteen hours a day. His application indicated that he was provided ear muffs and earplugs. It also indicated he was made aware of his hearing loss in 2001. The physician's section was completed by Charles Haislip, M.D., on September 9, 2014. The audiogram was considered accurate and showed a total decibel loss in air conduction of 190 on the right and 220 on the left. Dr. Haislip stated Mr. Dingess had a history of noise-induced

1

hearing exposure, but that he also may have presbycusis or age-related hearing loss. Dr. Haislip stated the examination results showed bilateral hearing loss and 9.9% whole person impairment related to occupational noise-induced hearing loss. Dr. Haislip recommended a hearing aid evaluation.

In an undated letter, Mr. Dingess informed the claims administrator that he was diagnosed with noise-induced hearing loss. He further stated that his hearing loss progressively worsened the longer he worked around loud equipment. Mr. Dingess stated that he understood that hearing protection was provided and asserted that he wore it every day. He indicated that the job sites were so loud, you could actually feel your ears vibrating. On November 17, 2014, the claims administrator rejected Mr. Dingess's application for occupational hearing loss benefits.

The Office of Judges determined that Mr. Dingess suffered occupational hearing loss in the course of and as a result of his employment. The Office of Judges found that in hearing loss claims, allocation between employers is no longer recognized. The Office of Judges found that Mr. Dingess provided Dr. Haislip's report in which he opined that he has occupationally induced hearing loss. The Office of Judges further found that General Pipeline Construction, Inc., did not submit any medical evidence to support its position that Mr. Dingess's hearing loss was due to other factors. Finally, the Office of Judges found that Dr. Haislip considered Mr. Dingess's other possible sources of hearing loss and nonetheless opined that he suffered 9.9% whole person impairment due to occupational noise exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decision of the Office of Judges and Board of Review. Mr. Dingess has submitted sufficient credible evidence to demonstrate that his hearing loss was due to his work exposure.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin

2